UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------ x
HAZEL B. PAPPAS, Administratrix :
and Sole Beneficiary of the    :
Estate of James Pappas, and    :
Individually; CASSANDRA PAPPAS; :
and MARKOS PAPPAS,             :
                               :
          Plaintiffs,          :   Civil No. 3:16-cv-932(AWT)
                               :
v.                             :
                               :
PHILIP MORRIS USA INC.,        :
                               :
          Defendant.           :
------------------------------ x
```

## ORDER RE MOTION TO DISMISS

For the reasons set forth below, Defendant Philip Morris USA Inc.'s Motion to Dismiss (ECF No. 120) is hereby GRANTED.

In considering the defendant's motion to dismiss, the court has considered five factors:

> (1) the duration of the plaintiff[s'] failure to comply with the court order, (2) whether plaintiff[s] w[ere] on notice that failure to comply would result in dismissal, (3) whether the defendant[] [is] likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff[s'] interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lego A/S v. Best-Lock Constr. Toys, Inc., 319 F.R.D. 440, 447 (D. Conn. 2017) (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)).

- 1 -

With respect to the duration of the plaintiffs' failure to comply with the court's orders, the detailed chronology of events since May 2019 set forth by the defendant at pages four to eleven of their supporting memorandum reflects that the plaintiffs have repeatedly failed to comply with their discovery obligations, notwithstanding the diligent efforts of counsel for the defendant to reach out to the plaintiffs and the fact that the plaintiffs have been given additional time in the amended scheduling orders. The chronology shows that the delay has been caused by the plaintiffs who, despite being put on notice of the instant motion to dismiss, have not even filed a response.

As set forth in the defendant's memorandum at page fourteen, the plaintiffs are on notice that failure to comply with the court's orders could result in dismissal of this action. Also, the defendant is likely to be prejudiced by further delay in this case because it becomes more likely that the memories of any witnesses will be less reliable as more time elapses, and also more likely that providers and other recordkeepers will have destroyed or otherwise failed to retain records.

A balancing of the court's interest in managing its docket with the plaintiffs' interest in receiving a fair chance to be heard also weighs in favor of dismissing this action. The plaintiffs have been given every opportunity to comply with the

court's prior orders. Also, they have failed to live up to agreements that they themselves made with the defendant. The plaintiffs' course of conduct here demonstrates a lack of interest in prosecuting this case.

The court concludes, based on the chronology of events set forth in the defendants' memorandum, that dismissal with prejudice is the most appropriate sanction here. Not only have the plaintiffs shown an unwillingness to comply with their own agreements with counsel for the defendants or the court's case management orders, they have not even bothered to oppose the instant motion to dismiss.

It is so ordered.

Signed this 12th day of January 2022, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge
